ORDER
GRITT, JUDGE:
An application of the claimant, Rhonda S. Largent, for an award under the West Virginia Crime Victims Compensation Act, was filed August 31, 2005. The report of the Claim Investigator, filed October 14, 2005, recommended that no award be granted. An Order was issued on December 16,2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed December 29, 2005. This matter came on for hearing May 15, 2007, the claimant appearing in person, and Assistant Attorney General Ronald R. Brown, for the State of West Virginia.
On April 15, 2005, the 46-year-old claimant was the victim of criminally injurious conduct in Berkeley County. While at work, the claimant fell over a coworker’s feet onto the floor, injuring her sciatic nerve.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that there was no evidence of criminally injurious conduct as required by statute. W. Va. Code § 14-2A-3(lc) defines a “victim” as “a person who suffers personal injury or death as a result of any one of the following: (1) Criminally injurious conduct; (2) the good faith effort of the person to prevent criminally injurious conduct.” W. Va. Code § 14-2A-3 describes “criminally injurious conduct” as: “....conduct that occurs or is attempted in this state.... which by its nature poses a substantial threat of personal injury or death and is punishable by fine or imprisonment.”
The claimant testified at the hearing of this matter that on the evening of the incident she was working at the Pizza Hut in Inwood, Berkeley County. Mrs. Largent stated that sometime between 6:30 p.m. and 7:00 p.m. that evening, she was working at the cut table with Angela Gleockler. The claimant explained that when she took a step back from the table, she saw in her peripheral vision one of the pizza delivery men, Jason Litton, knelt down behind her. Mrs. Largent stated that she then tripped over his foot and fell on her right side, injuring her sciatic nerve.
Ms. Gleocker testified on the claimant’s behalf at the hearing of this matter. According to Ms. Gleocker, she had gone to get some pizza boxes when she overheard the alleged offender, Mr. Litton, state that he was going to take four orders if he had to cause a big scene or not. Ms. Gleockler testified that she then saw the claimant fall over Mr. Litton’s leg as he knelt down behind her. Ms. Gleockler further testified that she didn’t recall Mr. Litton saying anything specific about the claimant.
The Claim Investigator’s original finding was that there was no evidence of criminally injurious conduct as required by statute. The original Order upheld the *218 Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she was the victim of criminally injurious conduct. The Court is of the opinion that she did not meet this burden.
Since there was no evidence that the claimant was injured as the result of criminally injurious conduct, the Court must stand by its previous ruling and deny the claim.
Claim denied.